# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN RILEY,

    Plaintiff,

    v.

ABUBAKAR MUHAMMAD, et al.,

    Defendants.

CIVIL ACTION NO. 3:13-cv-2766

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## MEMORANDUM

Presently before the Court is a Magistrate Judge Mehalchick's Report and Recommendation (Doc. 10) to the Complaint filed by Plaintiff Nathan Riley ("Riley"). Magistrate Judge Mehalchick recommends that the action be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Riley timely filed objections to the Report and Recommendation. Because the balance of public and private factors weighs in favor of transfer, the recommendation will be adopted, and the action will be transferred to the United States District Court for the Western District of Pennsylvania.

## BACKGROUND

Riley, an inmate at the Greene State Correctional Institution (SCI-Green) in Waynesburg, Pennsylvania, commenced this *pro se* action on November 14, 2013 for violations of his First, Eighth, and Fourteenth Amendment rights as well as the Religious Use and Institutional Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* Riley alleges that

as an inmate at SCI-Green, Defendants deprived him of adequate nutrition and calories during Ramadan of 2010, 2011, and 2013. He also alleges that he was deprived of Halaal meat during religious holy days, in addition to other impediments to his religious practice. In addition, he asserts that the Defendants discriminated against and targeted Muslims. As a result of Defendants' alleged conduct, Riley seeks monetary damages and declaratory and injunctive relief against Defendants. On April 2, 2014, Magistrate Judge Mehalchick screened Riley's Complaint and issued the instant Report and Recommendation. Magistrate Judge Mehalchick recommends that this matter be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). On April 15, 2014, Riley filed Objections to the Report and Recommendation. (Doc. 11.) In particular, Riley objects to the Magistrate Judge's conclusion that "[n]one of the people, property, or events described in the complaint appear to have any connection to this federal judicial district." (Doc. 10, 1). According to Riley, while some of the Defendants are prison officials at Green State Correctional Institution, the remaining Defendants are prison officials employed by the Pennsylvania Department of Corrections at Central Office located in the Middle District of Pennsylvania.

The Report and Recommendation and Riley's Objections are now ripe for review.

## LEGAL STANDARD

Where objections to the Magistrate Judge's report are filed, the court must conduct a de novo review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only

2

applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a de novo review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. See 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D. Pa.1993). Although the review is de novo, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. See *United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. See *Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. See, e.g., *Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

## DISCUSSION

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

In considering whether to transfer an action pursuant to § 1404(a), courts are not limited to consideration of the three factors enumerated in the statute. *See id.* at 879. Rather, courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (citation omitted). Both public and private interest factors are considered in evaluating a transfer under § 1404(a). Private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. *Jumara*, 55 F.3d at 879. Relevant public interest considerations include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.* at 879–80.

Before considering the private and public interest factors, the Court must determine whether the action "might have been brought" in the proposed transferee district. *See High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) (citation omitted). Because this action could have been brought in the Western District of Pennsylvania, consideration of the private and public interest factors is warranted.

4

**A.	Private Interest Factors**

"The first step in analyzing the private interest factors is to determine the proper weight to be accorded to the plaintiff's choice of forum.  Where the plaintiff has chosen a legally correct forum which is the forum of the plaintiff's residence, there is a strong presumption in favor of the plaintiff's choice which should not be lightly disturbed." *Lepre v. Lukus*, No. 12-cv-270, 2013 WL 1290989, at *10 (W.D. Pa. Mar. 26, 2013) (citing *Shutte v. Armco Steel Co.*, 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S. Ct. 871, 27 L. Ed. 2d 808 (1971).  While Plaintiff's initial decision to litigate this action in the Middle District of Pennsylvania is entitled to deference, "the plaintiff['s] choice is given less deference when none of the operative facts underlying the claim occurred there."  *Synthes, Inc. v. Knapp*, ––– F.Supp.2d –––, 2013 WL 5594706, at *5 (E.D. Pa. Oct.11, 2013); *InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, No. 10–4907, 2012 WL 1114360, at *13 (E.D. Pa. Mar. 30, 2012) ("when the cause of action did not occur in, or few of the operative facts took place in the selected forum, plaintiff's choice is afforded less weight.").  Here, most of the operative factors occurred at SCI-Green, where Riley is located, which is situated in Western District of Pennsylvania.  Thus this private interest factor weighs only slightly against transfer.

Defendants' preference, although entitled to considerably less weight than the plaintiff's choice of forum, is unknown.  With respect to the third private interest factor, a number of operative facts appear to have occurred in the Western District of Pennsylvania, which weighs in favor of transfer.  The fourth and fifth private interest

factors, the convenience of the parties and the witnesses, are not dispositive because according to Riley, some Defendants reside in the Western District of Pennsylvania while others reside in the Middle District of Pennsylvania. It is unknown at this stage where witnesses reside.

The final private interest factor, the location of books and records, is neutral, as the "technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). There is no reason to believe that relevant records and documents could not be transmitted electronically. Thus, this factor does not effect the transfer analysis.

**B.   Public Interest Factors**

"Consideration of public factors under *Jumara* requires the court to evaluate each forum and determine where the litigation can proceed in the most efficient and inexpensive fashion." *Hollander v. Hospira, Inc.*, No. 10–235, 2010 WL 4751669, at *5 (E.D. Pa. Nov. 22, 2010) (citing *In re Amkor Tech.*, No. 06–298, 2006 WL 3857488, at *6 (E.D. Pa. Dec. 28, 2006)). Most of the public interest factors are neutral in this case. Practical considerations relating to efficiency weigh slightly in favor of transfer because Riley and some of the Defendants are located in the Western District of Pennsylvania, as is some of the relevant documentation. Local interest is not particularly strong in this case, and since Riley's claims are predicated on federal law, the factor concerning the familiarity of the trial judge with state law is not implicated. Likewise, the enforceability of

judgment, court congestion, and the public policies of the two fora factors do not impact the transfer analysis.

## C.     Balancing of Factors

Overall, upon consideration of the private and public interest factors, the majority of factors weigh slightly in favor of transferring this action to the United States District Court for the Western District of Pennsylvania.  Riley's choice of forum is entitled to some deference and weighs slightly against transferring this action.  Nevertheless, his choice is entitled to less deference because nearly all of the operative facts relevant to his claim occurred in the Western District of Pennsylvania.  As the claim arose in the Western District of Pennsylvania, this factor strongly weighs in favor of transfer. Thus, the balance of private and public interest factors weigh in favor of this action being transferred pursuant to § 1404(a).

## CONCLUSION

For the above stated reasons, Magistrate Judge Mehalchick's recommendation to transfer the action will be adopted, and the action will be transferred to the United States District Court for the Western District of Pennsylvania.

|  |  |
|---|---|
| April 25, 2014<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |